Good morning, and may it please the Court. My name is Ed Hayes, and I'm the attorney for the Chapter 7 trustee, Arturo Cisneros, in the appeal by Revere of the order vacating dismissal. I will be sharing my ten minutes with co-counsel who represent the debtor, Dr. Roger. We would like to reserve a collective three minutes for rebuttal. I will use four minutes in addressing the order vacating dismissal, leaving three minutes for counsel to address the order on the abstention issues. All right. I'll try to help you out, but keep track of your own time as well. I'm going to, and I know it's a very short amount of time, and I've already used 30 seconds. In connection with this matter, the bankruptcy court clearly on its own articulated a number of reasons why it believed that the order dismissing the bankruptcy case should be vacated. There was sufficient due process and notice provided to the opposing creditor, Revere. The bankruptcy court conducted two hearings. The bankruptcy court went through a number of- But we're familiar with the procedural history, so let me ask you this. It's abuse of discretion review, right? And your contention is the court abused its discretion. That is correct. And explain- No, no. It did not abuse its discretion. Did not abuse its discretion. Okay. You're asking that we affirm- Correct. The district court. That is correct. Now, what about the extensive proceedings in the state court? There were a number of extensive proceedings in the state court that predated the bankruptcy, and that doesn't really affect the dismissal or not dismissing the case. We believe the best way in terms of whether to affirm the order that we're asking the court to do is to look at the bankruptcy court's and the district court's reasons for vacating the order of dismissal. The bankruptcy court painstakingly went through a number of reasons why it believed it made mistakes of fact and law, but it did not consider appropriately the avoidance actions that the bankruptcy trustee could pursue to benefit all creditors, not just a single secured creditor outside of bankruptcy. And so when looking at all of these various factors, the bankruptcy court found that it should vacate the order of dismissal, allow the bankruptcy case as to the medical corporation, DJRI, to proceed, and that would be for the benefit of all creditors for not just a particular creditor. The bankruptcy court also noted in its oral ruling and articulated facts was the receiver was pursuing a claim against Dr. Roger individually in his bankruptcy case. That claim was based on a concept of conversion, if you will, or fraudulent transfers. If the bankruptcy was reinstated like the bankruptcy court did, then the bankruptcy trustee could pursue such a claim for the benefit of all creditors. The bankruptcy court really sort of laid out what it thought it failed to adequately consider when it initially dismissed the case. But the one ground that really wasn't discussed in the record that I can see is the fact that the original dismissal was really based on an abusive process that the bankruptcy jurisdiction was improperly invoked. How do we weigh that original ground for dismissal against what the bankruptcy articulated as its rationale for taking the case back? I think we can look to the bankruptcy judge's own words where he said, I thought this was a two-party dispute. Therefore, it was an abuse of process for the bankruptcy case to have been filed. But in reality, this was more than a two-party dispute. There were other creditors out there who could have and should be benefiting from the bankruptcy case, including the Internal Revenue Service and other creditors whose vacating dismissal were set aside the way that the bankruptcy court did, then the trustee could proceed for the benefit of all creditors. I've already used four minutes, so unless the court has other questions, I'll defer to Dr. Rogers' counsel. All right. Thank you. Good morning. May it please the court, I am Summer Shaw representing Douglas J. Roger. I'm here today because though this litigation has been going on for nearly a decade and the briefs are extensive and the record is enormous, this really is a simple matter. Almost six years ago, Dr. Roger found himself in a county jail cell for not having complied with a state court order. He thought that he had complied with everything that he was supposed to do and he did everything his state court attorney had asked him to do, and still he found himself there. He waved his white flag and he decided voluntarily to file a bankruptcy for himself and two entities that held all of his assets so that he could pay all of his creditors through an orderly liquidation. That's all that this is really about. Let me ask you this then. Our court has some very skilled mediators and we see cases like this that just go on and on and on. If the relief that the other side seeks, I'm sorry, if the relief that your side is seeking to reinstate the bankruptcy proceeding, this could go on and on and on for another 10 years. Would it make sense for you guys to, from your perspective, to meet with our mediator's office to see if once and for all this can be worked out and lawyers stop getting paid and we can all move on? It's a very good question. We've already been to two bankruptcy judges for mediation. We've been to a private mediator, a retired bankruptcy judge. My client has turned over all of his assets. He has nothing left. I don't know that we would absolutely love to settle the matter and not continue this litigation for another decade, but the only thing at issue at this point now is his discharge. If he was getting his discharge, he wouldn't care about any of this. I mean, we're dealing with the reasonableness. All this is about is determining the reasonableness of over $4 million of attorney's fees that were incurred before the bankruptcy court. Revere would like the state court to determine that because the state court has no idea whether the actions before the bankruptcy court were reasonable. So we could go to mediation, but my client has nothing left to give. He turned over more than $4 million of assets to pay a claim that at the time of the bankruptcy, even if you included the unreasonable state court attorney's fees, was about $2 million. And we've liquidated nearly $4 million now. And unfortunately, that's not enough. And so now my client is before the bankruptcy court simply fighting to get his discharge. And none of this, in the end, will really matter if he gets his discharge. All right. Thank you. Thank you. Good morning, your honors, and may it please the court. My name is Sueann Tran of Freelian Associates on behalf of Appelli and Cross Appellant Revere Financial Corporation. These consolidated appeals ask this court to decide two issues, the abstention issue and the vacate dismissal issue. Regarding the abstention appeal, there are four reasons why this court should dismiss the appeal for lack of jurisdiction or affirm. Under 1334D, this court lacks jurisdiction to review the merits of a permissive abstention order. Second, the bankruptcy court committed a reversible error under Tucson Estates by refusing to abstain based on the bankruptcy court's concern of the impact of Revere's claim on Rogers Bankruptcy Estate. And third, the bankruptcy court incorrectly weighed the Tucson Estate factors. In terms of the vacate dismissal appeal, for four reasons this court should reverse. First, as a matter of public policy, this court should not allow the bankruptcy court to have unchecked powers to compel. At the time, it was a non-consensual, non-debtor corporation back into bankruptcy, which substantively affected all of the creditor's rights. One year later, when no creditor asked the bankruptcy court to do so, when the trustee didn't ask the bankruptcy court to do so, and the debtor couldn't consent to doing so. Second, a mistake under Rule 60 means a mistake at the time of the decision, not a mistake that the court later regrets. The bankruptcy court expressly admitted, when he vacated the dismissal order, that at the time of the decision, when he dismissed DJRI's bankruptcy, he made no mistake. Based on those facts at that time, his decision was correct. But just to be clear then, you're saying, under your reading of Rule 60B, if a bankruptcy judge or district court judge, whatever the situation might be, says, boy, had I known, then, what I know now, I wouldn't have done that. You're saying that they can't go back on that decision. Yes. The Ninth Circuit in Fantasyland stated that subsequent changes in facts after a decision was entered does not constitute exceptional circumstances or mistake under Rule 60. The Supreme Court held that subsequent changes in law after a decision was entered does not constitute a mistake or an exceptional circumstance under Rule 60. The purpose of Rule 60 is not to disrupt finality. And so, it can't be decisions that someone regrets later in hindsight. If the court allows this to happen, then a year, two years can pass. All of these unforeseen things can happen. And if there was no mistake at the time of the decision, if there was no misunderstanding at the time of the decision, all of the cases that talk about mistake talk about, well, someone made a misrepresentation. There was a fraud, showing a fraud at the time of a decision. Or there was a misinterpretation of the law based on a misinterpretation of the fact at the time of the decision. All of the cases talk about the time of the decision. The bankruptcy court here, all of the factors for dismissing the bankruptcy in the first place, it was not a mistake. Nothing ever changed. The record never changed. It is a two-party dispute between DJRI and Revere. There were no assets to administer except avoidance actions. All of those assets were encumbered, and indeed, the trustee abandoned all of those. But I remember in the transcript, many times the bankruptcy judge said, boy, I didn't appreciate this would happen, or I didn't foresee that this would happen. You're saying that's just under 60B, that's just too bad. There was nothing that the bankruptcy court could, the only thing that the bankruptcy court said he could not foresee was that the receiver would assert a claim against Roger in Roger's bankruptcy. The receiver has a right to assert a claim in another bankruptcy. That's not an exceptional circumstance, and that's not a mistake. At the time of the decision, the receiver had a right to assert a claim against Roger at Roger's bankruptcy. But if the bankruptcy judge didn't appreciate that at the time, and only later appreciated that there was this issue, wouldn't that be sufficient grounds for the bankruptcy judge to say, look, I made a mistake. I didn't appreciate that these receiver fees were going to be what they were. But the receiver's fees is a state court issue that's under the state court's jurisdiction. It's very similar to what happened in Tucson Estates, where the bankruptcy court's main focus was the extent of the, how excessive the bankruptcy court thought the receiver's fees was, and it was already substantial at the time that DGRI filed bankruptcy. The fact that the bankruptcy court was concerned with the receiver's fees is not necessarily an unforeseen circumstance, and I don't think that Rule 60 allows a court one year later to see what happens, see what unfolds, and completely disrupt finality based off of that. This is not just a regular order that was vacated that allows a proceeding to proceed. This is an order that changed jurisdiction, that completely divest the debtor's assets into the estate. This is something that the creditors were moving along. They could collect against the debtor. The state court action was moving along, and then all of a sudden, it took it all away. It created a bankruptcy estate. It's been lasting for four years and nothing has happened, except... When the bankruptcy court vacated the dismissal, did that conclude everything in state court, or are there still other pieces of state court litigation remaining? There are still pieces of state court litigation remaining. The receiver was, well, still needs to terminate. We still needed to enter judgment and then determine attorney's fees against whatever the attorney's fees were to be added to the judgment against DJRI in the state court. So those proceedings had been ongoing during the pendency of this appeal? Yes, it has been. So what you're asking for is to put this piece back into the state court? What we're asking for is to reinstate the... Not reinstate the bankruptcy, to have the DJRI bankruptcy dismissed so that we can move forward with DJRI and collect assets, finally. You want, effectively, to turn the clock back to right before the bankruptcy judge did what he did in this case? That's correct, Your Honor. Yeah, that's correct, Your Honor. And the effect of it all... Sorry. So that's what we're asking for is the abstention order to be affirmed to allow the state court to determine the issue of the fees and receivership... Should be added to the judgment against Dr. Roger. And then for the vacate dismissal order, we're asking this court to reverse based off of the legal... That the bankruptcy court abused its discretion under Rule 60 because there was no mistake, as the law defines mistake under Rule 60. There was no exceptional circumstances, as the law defines exceptional circumstances. And all of the grounds for dismissal, there was nothing that changed that. All right. Thank you, counsel. Before you sit down, let me see if Judge Gould has any questions. I guess I did have one question, which was... I'll ask counsel, how do you answer the argument on the abstention issue? That a statute says there's no restriction on the abstention order? I'm sorry, I couldn't understand the question. Isn't there a statute that says that... I think I know where he's going here, that... If I may, Judge Gould, you're kind of cutting in and out a little bit, but I think your question concerns on the abstention issue in this case. I think he's referring to... Isn't there a statute that specifically says that we don't have jurisdiction in this situation? And that's our position, is that under 1334D, it expressly states that the Ninth Circuit Court of Appeals, or a Court of Appeals, does not have jurisdiction to review the merits of a permissive abstention order. And then Schultz, the Ninth Circuit Indicta, stated the same rule. All right. Thank you. And if we may, we'd like to split our last three minutes with me getting two minutes and counsel getting one minute. So I'm going to make this especially fast. No purpose, to be practical here, no purpose would be served by dismissing the bankruptcy case again. The bankruptcy estate, upon filing, had a bunch of accounts receivable. The trustee, after the order vacating dismissal was entered, abandoned those receivables, meaning they were free to be collected by Revere or the receiver or whomever. They were no longer assets of the bankruptcy estate. What the bankruptcy trustee has been doing since the order vacating dismissal was entered is filing and pursuing avoidance actions. And the trustee has already prosecuted a number of those. We've already settled some. We've already had other orders and, you know, recoveries that were obtained. Dismissing the case doesn't benefit anybody under those circumstances. Allowing the case to remain and the trustee to distribute those proceeds pursuant to the bankruptcy code is what makes sense in this particular circumstance. To address your Honor's request about our inquiry about mediation, I don't know if mediation at this time would serve any further purpose given the prior efforts at mediation. And in the reinstated bankruptcy case, the bankruptcy trustee actually entered into a global settlement with Revere. We were standing on the same side of the lectern in that situation. The bankruptcy judge denied approval of that compromise, but we are still not sure that further mediation would ultimately put the parties on the same page. And then I'm down to one minute, so I'll have to save it. Thank you. All right. Thank you. Thank you. I just want to address two issues as to the statute that says that the Court of Appeals does not have authority to hear the appeal regarding the discretionary abstention. The district court issued its order in excess of its own authority. So had it waited until there was a final order that was actually appealable at the time, none of this four years that's gone on would have occurred and we would have litigated all the issues and then had final appealable orders. So because it issued an order in excess of its authority, it's our position that this court should vacate that order to correct that error because nowhere else can you go. Whether we treat it as a writ of mandate or under the Bauman factors, there's nowhere else to remedy that. So any other issue I wanted to address really quick on the DJRI vacating order is that... You're actually over time. Oh, okay. Thank you. Thank you. All right. The matter is submitted for decision by this court.
judges: Gould, Nguyen, Owens